UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GRACIELA M. CONTRERAS,

Plaintiff,

v.

THE CALIFORNIA NATIONAL GUARD, et al.,

Defendants.

No. 2:13-CV-1440 KJM KJN

ORDER

This case was on calendar on January 17, 2014 for a hearing on a motion to dismiss filed by the U.S. Department of the Army and John McHugh, Secretary of the Army (collectively "defendants"). Chi Soo Kim, Assistant United States Attorney, appeared for defendants; R. Parker White appeared for Graciela Contreras ("plaintiff"). After considering the parties' arguments, the court GRANTS the motion.

I. BACKGROUND

On July 18, 2013 plaintiff filed a complaint against the California National Guard (the "Guard"),[1] the U.S. Department of the Army and John McHugh, alleging three claims stemming from plaintiff's termination from her employment with the Guard: (1) wrongful termination in violation of public policy against racial and disability discrimination in the

[1] At the hearing plaintiff represented she has served the Guard. It has not appeared in this case.

workplace; (2) intentional infliction of emotional distress; and (3) harassment. ECF No. 1. She alleges generally that she was employed by the Department of the Defense for twenty-nine years, most recently as an Equal Employment Specialist, GS-0260-09, but that on August 2, 2012, defendants terminated her employment because of her disability and race. *Id.* ¶¶ 8, 10, 14. Specifically, on July 23, 2012, plaintiff was notified she had to report to duty on August 2, 2012 with a medical clearance from her doctor. *Id.* ¶ 22. She notified her supervisor she would need a two-week extension, as her doctor had recently moved from the area. *Id.* When she reported for duty on August 2, she was terminated for failure to bring a medical clearance. *Id.* ¶ 23.

On November 8, 2013, defendants filed a motion to dismiss for lack of subject matter jurisdiction, arguing that (1) the United States has not waived its sovereign immunity for the state law claims; (2) plaintiff cannot bring a tort claim based on facts that would support claims under Title VII or the Rehabilitation Act ("RA"); (3) plaintiff never submitted an administrative tort claim to the army and so cannot pursue claims under the Federal Tort Claims Act ("FTCA"); (4) plaintiff has not exhausted her claim of discriminatory termination because she voluntarily withdrew those claims from the EEO process; and (5) the Civil Service Reform Act ("CSRA") precludes judicial review. ECF No. 10 at 3. The court agrees with defendants that plaintiff cannot bring any claims under the FTCA, Title VII or the RA and so does not reach the preemptive effect, if any, of the CSRA.

## II. STANDARD: MOTION TO DISMISS/LACK OF SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377–78 (1994). Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte* by the court. FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1983). A Rule 12(b)(1) jurisdictional attack may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

By contrast, in a factual attack, the challenger provides evidence that an alleged fact is false resulting in a lack of subject matter jurisdiction. *Id*. In these circumstances, the allegations are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

III. SOVEREIGN IMMUNITY AND THE FEDERAL TORT CLAIMS ACT

Plaintiff asserts claims for wrongful termination in violation of public policy, intentional infliction of emotional distress and harassment. It is not clear there is a common law tort of harassment in California; plaintiff's claim is based on her termination for failure to provide a medical clearance and thus appears to be a claim of employment discrimination.

"'In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity . . . .'" *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). The doctrine, which protects not only the United States but its agencies and officials from suit, is jurisdictional. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("*Meyer*"); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign immunity applies to federal agencies and federal employees acting within their official capacities."). The party who sues the United States bears the burden of demonstrating a waiver of sovereign immunity. *Holloman*, 708 F.2d at 1401.

Plaintiff argues "defendant has failed to show . . . whether Defendants were acting under color of state or federal law" and so dismissal is not proper. Opp'n, ECF No. 12 at 3. She cites to *Johnson v. Orr*, 780 F.2d 386 (3d Cir. 1986), which considered whether "Air National Guard ("ANG") technician supervisory personnel and the New Jersey Adjutant General act under color of state law for purposes of 42 U.S.C. § 1983 . . . when participating in personnel decisions

resulting in the dismissal of ANG technicians." *Id*. at 387. *Johnson* did not consider, much less resolve, whether there was a waiver of sovereign immunity for state-law tort claims brought against a federal agency and the head of that agency acting in his official capacity. Moreover, as plaintiff has not brought a civil rights claim, the question whether the federal defendants could be deemed to have acted under color of state law has no relevance to the resolution of the jurisdictional issues presented by the motion to dismiss.

Defendants recognize that the FTCA provides a limited waiver of sovereign immunity for certain torts committed by federal employees, *Meyer*, 510 U.S. at 477; 28 U.S.C. §1346(b), but argue plaintiff has not exhausted administrative remedies under the Act. Exhaustion of administrative remedies is a jurisdictional prerequisite to an FTCA suit in federal court. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (stating that a tort claimant cannot bring suit against the United States "without first filing [his] claim with an appropriate federal agency and either receiving a conclusive denial . . . or waiting for six months to elapse without a final disposition of the claim") (internal quotation marks & citation omitted); *Holloman*, 708 F.3d at 1402 (when claimants did not file administrative claim, the FTCA's "waiver of sovereign immunity is not available to them").

Defendants have presented the declaration of Lorenzo Ferguson, the Chief of the Army's Operations and Records Branch. Decl. of Lorenzo Ferguson, ECF No. 10-2 ¶ 1. Ferguson avers he has access to records of all claims, including FTCA claims, for which the Army has investigative responsibility and his search of those records did not disclose an administrative claim under the FTCA filed by plaintiff. *Id*. ¶¶ 1-2. Plaintiff has not presented any evidence demonstrating any efforts to exhaust and therefore cannot pursue her claims against the Army and Secretary McHugh. *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1254 (9th Cir. 1997) (dismissing plaintiff's claims for loss of job and intentional infliction of emotional distress because he did not exhaust administrative remedies under the FTCA).

/////

/////

/////

Plaintiff asks leave to amend to allege claims under Title VII and the RA if the court finds it lacks jurisdiction over her wrongful termination claim. ECF No. 12 at 4.[2] As explained below, however, she has failed to exhaust her administrative remedies as to those claims as well.

IV. TITLE VII, REHABILITATION ACT AND EMPLOYMENT CLAIMS

Title VII is "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 828 (1976); *Brock v. United States*, 64 F.3d 1421, 1422-23 (9th Cir. 1995) (stating that federal employee's claims of employment discrimination must be brought under Title VII, not FTCA); *Davidson v. Korman*, No. C 09-1695 SBA, 2010 WL 3515760, at *4-5 (N.D. Cal. Sep. 8, 2010) (finding federal employee's state law claims for employment discrimination preempted by Title VII). In addition, the exclusive remedy for disability discrimination claims brought by federal employees is the RA, 29 U.S.C. § 791, which proscribes discrimination against a qualified person because of that person's disability. *Boyd v. United States Postal Serv.*, 752 F.2d 410, 412-13 (9th Cir. 1985); *Niimi-Montalbo v. White*, 243 F. Supp. 2d 1109, 1122 (D. Haw. 2003). Both Title VII and the RA require the employee to exhaust administrative remedies before filing suit. *Vinieratos v United States Dept. of the Air Force*, 939 F.2d 762, 768 (9th Cir. 1991).[3]

Defendants contend plaintiff abandoned her administrative complaint before completing the administrative process. As noted above, plaintiff suggests she should be able to undertake discovery to determine whether she was a state employee and thus not bound by any

[2] In her complaint, plaintiff invokes this court's subject matter jurisdiction under 28 U.S.C. §1331 "because the claims herein arise under laws of the United States, Title VII." ECF No. 1 ¶ 1. She does not plead a Title VII claim.

[3] The Ninth Circuit has said that it does "not recognize administrative exhaustion under Title VII as a *jurisdictional requirement* per se," but characterizes the issue as whether a plaintiff "has satisfied a *statutory precondition* to suit." *Vinieratos*, 939 F.2d at 768 n.5 (emphases in original). It has also said that a failure to exhaust EEO remedies is a jurisdictional prerequisite and has considered such a claim under the standards of Rule 12(b)(1). *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001); *see also Surrell v. Calif. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (stating that timeliness of EEOC exhaustion and securing a right to sue letter are not jurisdictional while exhaustion itself is jurisdictional). This court will apply the standards of 12(b)(1) to the issue in this case.

exclusive remedies under the RA and Title VII. ECF No. 12 at 4. Even though a member of a state's National Guard may shift between federal and state service depending on her duty status, *Perpich v. Dep't of Defense*, 496 U.S. 334, 348-49 (1990), a civilian employee of a National Guard unit is a federal employee. *Singleton v. Merit Sys. Prot. Bd.*, 244 F.3d 1331, 1334 (Fed. Cir. 2001) (stating that technicians "are deemed to be federal employees"); *Johnson*, 780 F.2d at 390 (stating that the National Guard Technicians Act "made National Guard technicians, who had been state 'caretakers' under the previous statute, federal employees"); 32 U.S.C. § 709(e) (A technician . . . is an employee of the Department of the Army . . . and an employee of the United States"). In addition, defendants have presented evidence, not rebutted by plaintiff, that plaintiff was hired under 32 U.S.C. § 709 as a non-dual status National Guard technician. Decl. of Kevin Park, ECF No. 10-3 ¶ 2; *see* 10 U.S.C. § 10217(a) (identifying non-dual status technicians as certain civilian employees of the Department of Defense who were, among other things, not required to join the Guard itself). At hearing, plaintiff argued she was a dual-status technician, but presented no evidence to support her claim.

In a similar case, the district court for the District of Delaware rejected a plaintiff's request to conduct discovery into his status as a state or federal employee: "Plaintiff must be aware of the description and title of the job he held for three years. . . . Plaintiff does not cite any authority to support the proposition that civilians may be employed by the National Guard as non-technicians outside the aegis of § 709." *Petr v. Delaware Air Nat'l Guard*, Civ. A No. 94-327-SLR, 1995 WL 579634, at *3 (D. Del. Sep. 28, 1995). Plaintiff's claim that she was terminated because of her race and her disability must be brought under Title VII and the RA.

As noted, before a federal employee may proceed with a Title VII or RA claim in district court, she must first file a claim of discrimination with the EEOC. *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 585 (9th Cir. 2000). In order to exhaust, "[a] plaintiff may not cut short the administrative process prior to its final disposition, for upon abandonment a claimant fails to exhaust administrative relief and may not thereafter seek redress from the courts." *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995); *Vinieratos*, 939 F.2d at 771 ("[A]bandonment of the administrative process may suffice to terminate an administrative proceeding before a final

disposition is reached, thus preventing exhaustion and precluding judicial review.”). A plaintiff may pursue a claim without completing the administrative process if the EEOC has not taken final action within 180 days after the formal complaint has been filed. *Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012).

Defendants have presented evidence showing that plaintiff filed a formal complaint of discrimination with the National Guard’s EEO office on September 12, 2012. Decl. of Niki L. Ching, ECF No. 10-1 at 1, 5-9. On January 28, 2013, Derrik Allen, Chief of the Complaints Management and Adjudications Division of the National Guard accepted her complaint and requested an investigation by the Investigation Resolution Division. ECF No. 10-1 at 11-12. Allen designated plaintiff’s claim that she was denied a reasonable accommodation to work at home as claim 3a and the termination challenge as claim 3b. *Id*. at 11. On February 4, 2013, plaintiff emailed Allen, among others, stating:

> I request allegation item #3.a remain as stated and the IRD investigation to proceed accordingly . . . .
>
> I request a partial withdrawal of my Wrongful Termination EEO complaint in the above noted case. Please remove allegation 3.b from the memorandum noted above.
>
> I am requesting my Notice of Right to Sue letter from EEOC regarding the wrongful termination and will proceed accordingly (ACTION NOTIFICATION).

ECF No. 10-1 at 15. Counsel sent a similar notification on February 6, 2013. *Id*. at 17. Thereafter, on February 25, 2013, Allen notified plaintiff that his office accepted the withdrawal of plaintiff’s complaint that her termination was discriminatory, advised her that “[w]ithdrawal of a complaint terminates the administrative processing of the complaint” and notified the Investigation Resolution Division “to cease any investigation into this allegation.” ECF No. 10-1 at 21, ¶¶ 1a, c & 2. Allen then sent a Revised Notice of Acceptance, repeating that plaintiff, through counsel, had voluntarily withdrawn the claim stemming from her termination “prior to an investigation.” ECF No. 10-1 at 26.

In this case, plaintiff withdrew her termination claim from the EEOC complaint before any investigation had been completed and any final action was taken. Plaintiff argues the

exhaustion requirement is satisfied simply by filing an EEO complaint and her request for a right to sue letter is not tantamount to an abandonment of the claim. ECF No. 12 at 5-6. At argument on the motion, she said she asked for a right to sue letter because she had lost confidence in the EEO proceedings. She has cited nothing suggesting her desire to sue or her loss of confidence excuses or is a substitute for exhaustion. *See Brown v. City of New York*, 869 F. Supp. 158 (S.D. N.Y. 1994) (if request to withdraw an EEOC charge is granted before final action is taken, it deprives the court of jurisdiction to hear the withdrawn charge whether the request was "mistaken or otherwise").

V. WHETHER TO GRANT LEAVE TO AMEND

Plaintiff asks leave to amend her complaint to raise Title VII and RA claims, but as noted above, her failure to exhaust means this court does not have jurisdiction over these claims. When amendment would be futile a court may properly deny leave to amend. *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). The court will not speculate whether plaintiff would be able to raise any claims against defendant California National Guard because even if plaintiff might be able to plead a viable claim, this court could not hear it. *Virginia Office for Prot. & Advocacy v. Stewart*, ___ U.S. ___, 131 S. Ct. 1632, 1638 (2011) ("[A]bsent a waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."); *Freeman v. Oakland Unified Sch. Dist.* 179 F.3d 846 (9th Cir. 1999) (Eleventh Amendment bars FEHA claim against state agency); *Krause v. Pennsylvania Dep't of Military & Veteran Affairs*, Civil Action No. 1:11-CV-01080, 2013 WL 5466643, at *3 (M.D. Pa. Sep. 30, 2013) (finding Eleventh Amendment barred suit for damages against National Guard).

IT IS THEREFORE ORDERED that:

1. Defendants' motion to dismiss, ECF No. 10, is granted; and

2. The case is closed.

Dated: February 25, 2014.

UNITED STATES DISTRICT JUDGE